UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

EPIC GAMES, INC., a Maryland )
corporation, )
)
        Plaintiff, )
)
  VS. )      **NO. C 20-05671 JD**
)
GOOGLE LLC; et al., )
)
        Defendants. )
_____)
)**NO. C 20-05761 JD, 20-05792 JD,**
AND RELATED CASES. )    **C 20-06772 JD, 20-07079 JD,**
_____)    **C 20-07361 JD, 20-07365 JD,**
    **C 20-07379 JD, 20-07824 JD,**
    **C 20-07984 JD**

San Francisco, California
Thursday, December 3, 2020

**<u>TRANSCRIPT OF PROCEEDINGS BY ZOOM WEBINAR</u>**

**<u>APPEARANCES BY ZOOM WEBINAR:</u>**

For Plaintiff Epic Games in C 20-05671 JD:
                  CRAVATH, SWAINE & MOORE LLP
                  825 Eighth Avenue
                  New York, New York  10019
        **BY:  YONATAN EVEN, ATTORNEY AT LAW**

For Plaintiffs in Carr/In Re Google Play Consumer Antitrust
Litigation, C 20-05761 JD:
                  KOREIN TILLERY LLC
                  505 N. 7th Street - Suite 3600
                  St. Louis, Missouri  63101
        **BY:  JAMIE L. BOYER, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              Official Reporter

**APPEARANCES BY ZOOM WEBINAR**:  (CONTINUED)

For Plaintiffs in Pure Sweat Basketball, Inc./In Re Google Play
Developer Antitrust Litigation, C 20-05792 JD:
>                     HAGENS BERMAN SOBOL SHAPIRO LLP
>                     1301 Second Avenue - Suite 2000
>                     Seattle, Washington  98101
>            BY:  **STEVE W. BERMAN, ATTORNEY AT LAW**

For Plaintiffs in Peekya App Services, Inc./In Re Google Play
Developer Antitrust Litigation, C 20-06772 JD:
>                     HAUSFELD LLP
>                     600 Montgomery Street - Suite 3200
>                     San Francisco, California  94111
>            BY:  **BONNY E. SWEENEY, ATTORNEY AT LAW**

For Plaintiffs in Bentley, et al./In Re Google Play Consumer
Antitrust Litigation, C 20-07079 JD:
>                     MILBERG PHILLIPS GROSSMAN LLP
>                     100 Garden City Plaza - Suite 500
>                     Garden City, New York  11530
>            BY:  **PEGGY WEDGEWORTH, ATTORNEY AT LAW**

For Plaintiff McNamara/In Re Google Play Consumer Antitrust
Litigation, C 20-07361 JD:
>                     COTCHETT, PITRE & MCCARTHY LLP
>                     San Francisco Airport Office Center
>                     840 Malcolm Road
>                     Burlingame, California  94010
>            BY:  **ADAM J. ZAPALA, ATTORNEY AT LAW**

For Plaintiff Herrera, C 20-07365 JD:
>                     KAPLAN, FOX & KILSHEIMER LLP
>                     850 Third Avenue - 14th Floor
>                     New York, New York  10022
>            BY:  **HAE SUNG NAM, ATTORNEY AT LAW**

For Plaintiffs in Carroll/In Re Google Play Consumer Antitrust
Litigation, C 20-07379 SK:
>                     PRITZKER LEVINE LLP
>                     1900 Powell Street - Suite 450
>                     Emeryville, California  94608
>            BY:  **ELIZABETH C. PRITZKER, ATTORNEY AT LAW**

For Plaintiff Jared Stark, C 20-08309 JD:
>                     KELLER ROHRBACK LLP
>                     3101 North Central Avenue  - Suite 1400
>                     Phoenix, Arizona  85012
>            BY:  **ALISON E. CHASE, ATTORNEY AT LAW**

**APPEARANCES BY ZOOM WEBINAR**:  (CONTINUED)

For Plaintiffs in Gamble, C 20-07984 JD:
                      GIBBS LAW GROUP LLP
                      505 14th Street - Suite 1110
                      Oakland, California  94612
             BY:  **ANDRE M. MURA, ATTORNEY AT LAW**

For Defendants:
                      MORGAN, LEWIS & BOCKIUS LLP
                      One Market - Spear Street Tower
                      San Francisco, California  94105
             BY:  **BRIAN C. ROCCA, ATTORNEY AT LAW**
                  **SUJAL J. SHAH, ATTORNEY AT LAW**

1  <u>**Thursday - December 3, 2020**</u>                    <u>**11:08 a.m.**</u>

2                    <u>P R O C E E D I N G S</u>

3                        ---000---

4       **THE CLERK:**  Calling Civil 20-5671, Epic Games vs.

5  Google; Civil 20-5761, In Re Google Play Consumer Antitrust

6  Litigation; Civil 20-5792, In Re Google Play Developer

7  Antitrust Litigation; Civil 20-6772, Peekya Services, Inc. vs.

8  Google LLC; Civil 20-7079, Bentley, et al., vs. Google LLC;

9  Civil 20-7361, McNamara vs. Google, LLC; Civil 20-7365, Herrera

10 vs. Google LLC; Civil 20-7379, Carroll vs. Google LLC; Civil

11 20-7824, Roberts vs. Google LLC; and Civil 20-7984, Gamble,

12 et al., vs. Google LLC.

13     Counsel for the defendant Brian Rocca.

14      **MR. ROCCA:**  Good morning, Your Honor.  It's Brian

15 Rocca and my colleague Sujal Shah of Morgan Lewis representing

16 defendant.

17      **THE CLERK:**  Counsel for plaintiff Jamie Boyer.

18      **MS. BOYER:**  Good morning, Your Honor.  This is Jamie

19 Boyer for plaintiff Mary Carr.

20      **THE CLERK:**  Alison Chase.

21      **MS. CHASE:**  Good morning.  Alison Chase for plaintiff

22 Jared Stark.

23      **THE CLERK:**  Hae Sung Nam.

24      **THE COURT:**  You're on mute.

25      **MS. NAM:**  Hi.  Good morning, Your Honor.  Hae Sung Nam

from Kaplan Fox for the Herrera plaintiff.

**THE CLERK:** And Andre M. Mura.

**MR. MURA:** Good morning, Your Honor. Andre Mura for the Gamble plaintiffs from Gibbs Law Group.

**THE CLERK:** Steve Berman.

**MR. BERMAN:** Good morning, Your Honor. Steve Berman for Pure Sweat Basketball in the Developer matter.

**THE CLERK:** Bonny Sweeney.

**MS. SWEENEY:** Good morning, Your Honor. Bonny Sweeney for Peekya App Services, Inc., and also the Developer case.

**THE CLERK:** Peggy Wedgeworth.

**MS. WEDGEWORTH:** Good morning, Your Honor. Peggy Wedgeworth on behalf of the Bentley plaintiff in the Consumer class.

**THE CLERK:** Elizabeth Pritzker.

**MS. PRITZKER:** Good morning, Your Honor. Elizabeth Pritzker of Pritzker Levine on behalf of the Carroll plaintiffs in the Consumer actions.

**THE CLERK:** Yonatan Even.

**MR. EVEN:** Good morning, Your Honor. Yonatan Even for plaintiff Epic Games.

**THE CLERK:** And Adam Zapala.

**MR. ZAPALA:** Good morning, Your Honor. Adam Zapala from Cotchett, Petri & McCarthy for the McNamara plaintiffs in the Consumer actions.

**THE CLERK:**  That's everybody.

**THE COURT:**  Okay.  All right.  Thank you, Ms. Clark.

All right.  So since our last meeting, we've gotten a lot done to clear the decks and get forward moving.  I'm happy about that.  I think everybody has been...

All right.  So we have Epic as the individual case and then we have the two consolidated cases, one for the consumers and one for the developers.  So that's great.  We've got all that worked out.

The developers have filed an amended complaint.  The consumers will be filing an amended complaint.  I have advanced the requests to consider appointment of interim class counsel to I think December 15th, somewhere around there.

All right.  And we have a motion to dismiss pending in Epic; is that right, Mr. Even?

**MR. EVEN:**  That is correct, Your Honor.  It's both in the Epic Games case and in the developers case.

**THE COURT:**  All right.  So it's full steam ahead.  I'm happy to hear that.

Now, you're here because I have proposed and you-all accepted the idea of just having, you know, check-ins every 30 days or so, and I'm here to take any and all check-in statements.  Anybody want to jump in?

**MR. ROCCA:**  Your Honor, good morning.  If I may, it's Brian Rocca for Google.

1           **THE COURT:** Yes.

2           **MR. ROCCA:** And thank you again, Your Honor, and to

3 the court staff for hosting us today by Zoom. It is

4 appreciated that Your Honor has taken such an active role in

5 case management.

6     I just have one point --

7           **THE COURT:** I'm sorry, Mr. Rocca, on that point --

8 thank you -- just to jump in.

9     So looking forward -- all right? -- the world is breaking

10 with news of COVID-19 vaccinations and, you know, all sorts of

11 other what appear to be positive developments, of course

12 negative developments as well; but just thinking long term, I

13 am inclined, at least for status conferences, to, regardless of

14 what a post-vaccination world looks like, continue to do this

15 on Zoom.

16     Now, this is something that I'm planning to do in most of

17 my cases, but you're the first group that I have an opportunity

18 to discuss this with. So just as a -- we'll just do a -- the

19 people here, and I know there are a lot of people watching, but

20 of the people on the screen, let's just do a silent poll.

21 Raise your hand -- your actual hand, not the little blue

22 hand -- raise your actual hand if you would be supportive of

23 just continuing status conferences like this by Zoom

24 *ad infinitum*; that is, until the case is over.

25     All right. It's a unanimous vote. Okay. Good.

1    Great.  Okay.  So we can probably plan on that.  And the

2  benefits of that are, you know, as I'm sure you-all realize,

3  you know, you don't have to come out here for a 45-minute --

4  you know, it's not a three-day trip or two-day trip to

5  San Francisco for a 45-minute conference.  They're vital,

6  they're important, but that's a long haul for 45 minutes in

7  front of the Court, which will improve your work-life balance,

8  your home life, and free you for productive billing on other

9  matters if that's where you are.

10    Okay.  Go ahead, Mr. Rocca.

11    **MR. ROCCA:**  Thank you, Your Honor.

12    The motion to dismiss, as Mr. Even noted, that's pending

13  relates to the Epic matter and the developer putative class.

14  The amended complaint on the consumer side, as Your Honor just

15  noted, will be December 28th.

16    I just wanted to flag that we anticipate from the Google

17  perspective reaching out to counsel on the consumer side to

18  propose a schedule for any motion practice, a date of filing,

19  briefing schedule, and page limits.  I'm not exactly sure the

20  timing of that.  It might depend on how quickly Your Honor

21  decides the interim class issue, but I just wanted to flag

22  that, that we will be filing a motion to dismiss.  We'll want

23  to look at the complaint and then have an orderly motion

24  practice.

25    **THE COURT:**  Well, I tell you what.  I'm glad you

mentioned that.  Now, I know most of you are new to me, not everybody, but most of you.  I do this in other large cases as well, so this is an opportunity for us to think out loud among friends and just try out ideas and see what works.

So on that point, Mr. Rocca, here's my thought.  You're all free to say no, and there's not a problem with that, but why don't we -- you know, a lot of these issues are overlapping.  Okay?  I mean, I don't think we need three motions to dismiss on the same basic antitrust principles.

So to that end, one possibility would be just to take the motions that are pending and let us work through those and resolve that; and then that ought to be a very good indicator on, for example, in the consumer case, whether it's worth the time and energy to bring another motion.  And to the extent I decide against the plaintiffs, who knows, I don't know, but to the extent that I do, it would seem that the consumer plaintiffs would be in a position to maybe amend their complaint without further activity.

So, you know, I'm very cognizant of letting everybody have a voice and have their day in court.  That is a concern, but at the same time, you know, I don't think you-all need to be spending so much time and money on, you know, motions to dismiss that are going to overlap substantially in a serial fashion.

So, Mr. Rocca, what do you think about that?

1    **MR. ROCCA:**  Your Honor, I'd like to confer with my

2    client specifically on that issue.  It's an interesting idea.

3    I think there may be some unique issues to the consumer

4    class -- I'd have to look at the complaint -- that will not

5    have been briefed.  There certainly could be and probably will

6    be overlap.  So I'm mindful of that issue.

7        So perhaps the middle ground is if there are any unique

8    issues to the consumer class, that that would be taken up in

9    maybe a more targeted motion.

10    **THE COURT:**  I say that's a good amendment to the

11    motion on the floor.

12        All right.  Anybody have any additional thoughts about

13    that?  Anybody on the plaintiffs' side?

14    **MR. ZAPALA:**  Your Honor, Adam Zapala for Cotchett.

15        I think that makes a lot of sense.  You know, I see a lot

16    of overlap between what could occur.  I don't want to prejudice

17    Google if there are unique issues as to the consumers.  Those

18    can be addressed in a streamlined motion, but I think it makes

19    a lot of sense certainly to conserve party and judicial

20    resources to see where Your Honor rules in the other two cases,

21    and I think that would shed light on whether Google thinks it

22    has a more targeted argument as to the Consumers.  It makes a

23    lot of sense to me.

24    **THE COURT:**  Good.

25        Ms. Boyer.

1      **MS. BOYER:** Your Honor, I would agree with that. I

2 think that plan makes a lot of sense. I like Mr. Rocca's idea

3 of perhaps just addressing unique consumer issues in a separate

4 motion.

5      The one sort of logistical detail I think we'd need to

6 work out is whether or not we go ahead and file a consolidated

7 complaint for the consumers on the 28th of December or we wait

8 until the motions to dismiss get resolved for the developers

9 and Epic so that any amended complaint sort of addresses where

10 we are at that moment; but for the consumers, at least for our

11 clients, we'd be happy to do that either way.

12      **THE COURT:** Well, I'll tell you what. Mr. Rocca was

13 suggesting meeting and conferring about scheduling. I think

14 now the tenor of that discussion has changed so why don't

15 you-all get together and discuss these points.

16      I mean, Ms. Boyer, I think I would prefer -- this is just

17 me; I'm not ordering this -- I think I would prefer to see an

18 amended complaint on December 28th. I think that makes a

19 little bit more sense actually; but if you-all have a strong

20 unanimous -- that's the keyword -- strong unanimous conviction

21 that you'd rather defer, you know, I won't stand in the way of

22 that; but I would vote -- and I know I have essentially the

23 only vote, but I'm not going to use that -- I would vote that

24 you still file on December 28th. Okay?

25      **MS. BOYER:** Okay.

1      **THE COURT:**  How would you like to -- the amended

2  complaint is not due until the 28th anyway.  So do you want to

3  have three weeks to get together and talk about, you know,

4  maybe a more targeted third round of motions to dismiss?

5      And, by the way, Mr. Rocca, and for anybody else who may

6  be moving to dismiss, maybe just Mr. Rocca, you know, please, I

7  have written substantially on how 12(b)(6) is different from

8  Rule 23.  So I rarely, if ever, take up Rule 23 issues in the

9  12(b)(6) context.  So if you're going to do that, if that's a

10  targeted issue, I don't know, I'm just -- this is just a word

11  to the wise, make sure you read my prior orders and, you know,

12  have some reason why that might be appropriate here when I have

13  said it's not in other cases.

14      I'm not ruling it out, but it's just something I've looked

15  at on many times and it rarely, if ever, is appropriate in my

16  view at the motion to dismiss stage to start talking about the

17  class, particularly at the motion to strike, which I think

18  should be struck from the Federal Rules of Civil Procedure,

19  Rule 12(f).  It really is a rare day when a 12(f) motion is

20  appropriate to get rid of a class.  Okay?  But just, you know,

21  think it over.

22      Okay.  So why don't you all meet and confer within how

23  about two weeks, Mr. Rocca?  Does that sound all right?

24      **MR. ROCCA:**  That sounds great, Your Honor.  Thank you.

25      **THE COURT:**  I know there's a lot of plaintiffs so does

1   anybody have an objection to two weeks?

2                    (No response.)

3        **THE COURT:**  Okay.  All right.  Then just file a joint

4   statement -- you know, it can be short and sweet -- just

5   detailing what you'd like to do.  I guess we're just talking

6   about maybe the consumer plaintiffs right now.

7        So okay.  And I promise there will be -- the motions to

8   dismiss will be dealt with promptly so don't -- there won't be

9   a time drag on that.

10       Okay.  Any other issues for today from anyone?

11       **MR. EVEN:**  I think, Your Honor -- this is Yonatan Even

12  for Epic.

13       I think the only thing, not to speak out of turn, just to

14  remind Your Honor that you have our joint statement regarding

15  protective order that's --

16       **THE COURT:**  Oh, yes.

17       **MR. EVEN:**  -- I believe, Document 77 --

18       **THE COURT:**  Yes.

19       **MR. EVEN:**  -- and the proposed schedule, which I

20  believe is Document 87.

21       **THE COURT:**  Yes.  I will have the protective order.

22  You-all haven't resolved that?  There's been no

23  late-breaking -- no?  Okay.

24       **MR. EVEN:**  I think, Your Honor, you've made your views

25  pretty clear last time but the papers are before you.  I don't

know that we continue to discuss.

**THE COURT:** No one listens to the old judge, I get it.

Okay. I will resolve that this week.

**MR. ROCCA:** And, Your Honor, if the Court would like us to try another shortened period of meet and confer on that issue, we're certainly willing to do that; but I agree with Mr. Even that the protective order issue remains pending.

And the case schedule we've proposed, I think it was a stipulated schedule, so it's just a matter of checking the Court's calendar and seeing if the dates work.

**THE COURT:** Well, I mean, the real issue is the protective order. Is there any reason -- is there any optimism that further meeting and conferring would be productive, Mr. Rocca?

**MR. ROCCA:** Well, Your Honor, as I noted at a prior conference, Google is asking the Court to enter the model protective order. We understood that in the event of a dispute, the Court would do that. It relates to paragraph 7.4.

In response to that --

**THE COURT:** Yes. You're right on all that.

**MR. ROCCA:** Right.

**THE COURT:** Yeah. Go ahead.

**MR. ROCCA:** In response to paragraph 7.4, I believe the Court referenced the definition of "expert," which is one of the defined terms. To me, that's really the only path to a

1    potential resolution of the matter, and I'm willing to try;

2    but, you know, it's been pending and I think the dispute is

3    pretty clear.  It's Exhibit A or Exhibit B.

4          **THE COURT:**  Who's your main negotiating partner on

5    this for the plaintiffs?

6          **MR. ROCCA:**  Your Honor, it's an esteemed group that's

7    growing.  Mr. Even certainly, Ms. Boyer, Ms. Sweeney.

8          **THE COURT:**  Okay.  How about this:  Just in the

9    interest of efficiency, I'm going to appoint Ms. Boyer to be

10   the lead negotiator for the plaintiffs on the protective order

11   issue.

12        Why don't you take one more run on it, and let me know

13   by -- what is today?  Thursday?  Why don't you let me know --

14   I'll tell you what.  Why don't you let me know by Monday --

15   okay? -- whether there are any late-breaking developments; and

16   if not, I will promptly attend to the issue next week.  Okay?

17         **MR. ROCCA:**  Very well.  Thank you, Your Honor.

18         **THE COURT:**  You're all right, Ms. Boyer?

19         **MS. BOYER:**  Yes.

20         **THE COURT:**  You're all right, good.

21        Anything else for today from anyone?

22         **MS. NAM:**  Yes, Your Honor.  Hae Sung Nam for

23   Kaplan Fox.

24        I just wanted to give you an update on the lead plaintiff

25   motions.  I know that's scheduled for December 15th.

1    THE COURT:  Yes.

2    MS. NAM:  The counsel for consumer plaintiffs are

3 still trying to work out a leadership structure, and I just

4 wanted to let you know that.

5    THE COURT:  Oh, that's great.  Do you think you'll

6 have that done by the 15th?

7    MS. NAM:  We hope to.

8    THE COURT:  Okay.  Well, if you do, if it's done

9 sooner, like within a couple days before, a couple court days,

10 I can probably have everything done on the 15th.  All right?

11 So keep that in mind.  Okay?  I'd like to have it done on the

12 15th, not submitted.  So get you on your way.  Okay?

13    MS. NAM:  We understand.

14    MS. BOYER:  Understood.

15    THE COURT:  If you can't, you can't, that's fine, and

16 don't worry about it.  There won't be any adverse consequence

17 from that; but if you can, I will hold out prompt resolution.

18    All right.  Anybody else?  Last call.

19    MS. SWEENEY:  Your Honor, Bonny Sweeney for the

20 developer plaintiffs.

21    THE COURT:  Yes, Ms. Sweeney.

22    MS. SWEENEY:  We also have a lead counsel motion

23 pending and today is the -- well, the deadline for oppositions

24 has passed.  There's no oppositions.  It's an agreed-to motion

25 to appoint our three firms as co-lead counsel for the class of

1  developer plaintiffs.

2      **THE COURT:**  Okay.  So you're all in agreement and
3  nobody said no?

4      **MS. SWEENEY:**  That's correct, Your Honor.

5      **THE COURT:**  All right.  I will take a look at that and
6  maybe we can get something done before the 15th.

7      **MS. SWEENEY:**  Thank you.

8      **THE COURT:**  All right.  So tell you what, what would
9  you like to do?  Would you like to do early January for the
10  next one or do you want to do something again in December?

11      **MR. ROCCA:**  Your Honor, I think after the holidays
12  makes sense.  There's a lot of work that we've been
13  collaborating on, and I think there's no reason to rush it
14  before the holidays.

15      **THE COURT:**  All right.  I am hoping to have my last
16  portion of a very long running multidistrict litigation
17  antitrust case tried the week of January 18th and 25th.  So I
18  can have you in on the 14th, but after that I couldn't probably
19  have you back in until February.  So how about Thursday the
20  14th?

21      **MR. EVEN:**  That works for us, Your Honor.

22      **THE COURT:**  Okay.  So we'll do our next regular
23  check-in.

24      And, again, you know, these are for you and if you-all
25  collectively agree that there's nothing to talk about, you just

1   let me know and we'll take it off calendar, but otherwise I'm

2   happy to do it.  I think it's a good thing to do.  I think it's

3   productive.  And I will see you all on I guess December 15th

4   but then January 14th for the next status conference.

5       All right.

6           **MR. EVEN:**  Thank you, Your Honor.

7           **THE COURT:**  Thank you much very, Your Honor.

8           **ALL:**  Thank you, Your Honor.

9           **THE COURT:**  Okay.

10              (Proceedings adjourned at 11:27 a.m.)

11                      ---oOo---

12

13              <u>**CERTIFICATE OF REPORTER**</u>

14          I certify that the foregoing is a correct transcript

15   from the record of proceedings in the above-entitled matter.

16

17   DATE:   Thursday, December 3, 2020

18

19

20

21   _____

22       Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                 U.S. Court Reporter

23

24

25